## ANDREW RILEY *vs.* JAMES SHANNON.

The purchaser of a store who had given a check in part payment therefor, upon taking possession of the store claimed that the property was not as represented by the vendor, and tendered it back. The vendor directed him to surrender

---

the store to the agent of the mortgagee, telling him that the check had been destroyed, but subsequently brought suit on the check.

*Held*, that there was a virtual rescission by the parties of the contract of sale, and that the vendor could not recover.

The Appellate Division will not review the findings of fact by a judge of the Common Pleas Division where the evidence is conflicting and there is any evidence to support the findings.

A new trial will not be granted to enable a party to put in merely cumulative testimony. If he was surprised at the trial by the testimony of the adverse party, he should have asked for a continuance that he might have an opportunity to procure the additional testimony if he deemed it important.

PLAINTIFF'S petition for a new trial.

*June* 11, 1896. MATTESON, C. J. The Common Pleas Division found that the check sued on was given in part payment for a liquor store ; that the defendant, after taking possession of the store, claimed that the property was not as represented by the plaintiff, and tendered it back ;. that the plaintiff directed the defendant to surrender the store to the agent of the mortgagee, and told the defendant that the check had been destroyed. On these findings, the court held that the plaintiff could not recover.

We do not review the findings of fact by a judge of the Common Pleas Division when the evidence is conflicting, as in this case, and there is evidence to support the findings. *Hahn* v. *Billings Bros.*, 18 R. I. 551. Assuming the facts to be as found by the court, there was a virtual rescission by the parties of the contract of sale, and the court properly held that the plaintiff could not recover.

The new testimony, as set forth in the affidavits submitted is only cumulative. Moreover, no affidavit of the plaintiff is filed that he did not know of the ability of the affiants to testify to the facts set forth prior to the hearing, and that he could not have produced the testimony at the hearing by the exercise of reasonable diligence. He apparently seeks to excuse his failure to present the testimony on the ground that, the plea filed being the general issue, he had no notice of the evidence and was surprised by the defendant's testimony. If surprised, he should have asked for a continuance, that he might have had an opportunity to procure the additional testimony, if he deemed it important. This he did not do.

Having gone on with the hearing and taken the chances of a decision, it is too late after an adverse decision to ask for a new trial for the purpose of putting in additional testimony.

New trial denied, and case remitted to the Common Pleas Division with direction to enter judgment for the defendant for costs.

*Hugh H. Carroll & George H. McAdam,* for plaintiff.

*Charles H. Page & Franklin P. Owen,* for defendant.